<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DERRICK RICHARD, | : | |
| | : | |
| Plaintiff, | : | Civil No. 08-6295 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| PASSAIC COUNTY SHERIFF'S DEPARTMENT and OFFICE OF THE COMMISSIONER, PHILADELPHIA PRISON SYSTEM | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>CHESLER</u>, District Judge

This matter comes before the Court on the application of Plaintiff Derrick Richard ("Plaintiff" or "Mr. Richard") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court has reviewed Mr. Richards's application to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(a), grants the application. The Court has also reviewed the Complaint, and for the reasons that follow, dismisses the Complaint without prejudice, on the Court's own motion, pursuant to 28 U.S.C. §1915(e)(2)(B). Plaintiff will, however, be granted leave to file an Amended Complaint.

Plaintiff seeks leave to proceed *in forma pauperis*. The Application To Proceed In Forma Pauperis filed by Mr. Richard states that he is unemployed, has $4,000 in either cash or a bank

account and occasionally receives money from his family.[1]  The Court is satisfied that this filing meets the requirements of 15 U.S.C. § 1915(a)(1) and will grant Plaintiff's request to proceed without prepayment of fees.

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915.  In order to prevent abusive or captious litigation, § 1915(e)(2)(B) requires that the Court dismiss a case if it determines that the action cannot or should not proceed on the merits.  See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action which is totally without merit").  The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  The Court has accordingly reviewed the Complaint to determine whether dismissal on any of the enumerated grounds is warranted.

The Court gathers the following facts from the Complaint and assumes their truth for purposes of this motion only.  Mr. Richard was an inmate at a correctional facility in Philadelphia, Pennsylvania on October 16, 2008.  On the morning of that date, officers from the

---

[1] The Application, signed by Mr. Richard on December 8, 2008, also states that he is incarcerated.  Plaintiff subsequently wrote to the Court to advise that he has been released from prison and to provide his new address.

Sheriff's Department of Passaic County, New Jersey arrived at the facility to transport Mr. Richard from Philadelphia to Paterson, New Jersey. The officers handcuffed Mr. Richard and transported him across state lines. Mr. Richard claims that he received no notice of the transport, had no outstanding warrants for crimes committed in New Jersey and was not provided an extradition hearing prior to the transport. Based on these actions, Plaintiff has filed an action under 42 U.S.C. § 1983 for violation of his civil rights.

Mr. Richard is a *pro se* plaintiff. As such, the Court construes his pleadings liberally and to a less stringent standard than those pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Plaintiff alleges in his Complaint that his civil rights were violated as a result of his extradition to New Jersey without an extradition hearing. The courts of this circuit have recognized that the failure to comply with the extradition procedures required by federal statute and/or the extradition laws of the asylum state may state a claim under 42 U.S.C. § 1983. Shack v. Attorney Gen., 776 F.2d 1170, 1173 (3d Cir. 1985), cert. denied, 475 U.S. 1030 (1986); Crenshaw v. Checchia, 668 F.Supp. 443, 444 (E.D. Pa. 1987); United States v. Pa. State Police, 548 F.Supp. 9, 16 (E.D. Pa. 1982). The Third Circuit has held that "[o]ne to whom a pre-transfer [extradition] hearing is denied . . . has a federally enforceable claim to damages and to injunctive relief." Shack, 776 F.2d at 1173. Plaintiff, however, "may recover only from those persons who deprived him of his right to procedural due process." Crenshaw, 668 F.Supp. at 444-45 (citing

McBride v. Soos, 679 F.2d 1223, 1227-28 (7th Cir. 1982)).

Despite the recognition of a protected due process right to extradition procedures capable of remedy under § 1983, Plaintiff's Complaint must be dismissed. The Complaint names as defendants the Passaic County Sheriff's Department and the Commissioner of the Philadelphia Prison System. Addressing each Defendant in turn, the Court will explain why the § 1983 claims asserted against them fail to state a claim upon which relief could be granted.

The law is well-settled that a section 1983 claim may be brought only against a "person." See, e.g., Will v. Mich. Dept. Of State Police, 491 U.S. 58 (1989); Monell v. New York City Dep't of Soc. Svcs., 436 U.S. 658 (1978). While a municipal or local government entity such as the Passaic County Sheriff's Department is considered a "person" within the meaning of 42 U.S.C. § 1983, liability against such a defendant must be premised on a deprivation of rights as a result of a custom or policy of the entity. Monell, 436 U.S. at 690, 694; Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir.1991), cert. denied, 503 U.S. 985 (1992). Plaintiff's claim against the Passaic County Sheriff's Department fails on its face for lack of any allegation that could give rise to a cause of action under Monell.[2] Accordingly, Plaintiff's § 1983 claim against the Passaic County Sheriff's Department will be dismissed without prejudice.

Plaintiff's claim against the Commissioner of the Philadelphia Prison System must be dismissed because the Complaint fails to allege what the Commissioner's personal involvement

---

[2] Moreover, it is not clear that Plaintiff would have a remedy as against New Jersey's officers for the alleged violation of extradition procedures. At least one district court in this Circuit has held, based on its review of the decisions of Circuit Courts of Appeals that have addressed the issue, that "the officials of the demanding state have no obligation to ensure that pre-extradition proceedings are proper." Crenshaw, 668 F.Supp. at 445 (citing McBride v. Soos, 679 F.2d 1223, 1225 (7th Cir. 1982) and Brown v. Nutsch, 619 F.2d 758, 765 (8th Cir. 1980)).

4

was with the alleged failure to abide by extradition procedures.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has held:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Id. (citations omitted); accord Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir.1995).

Because the deficiencies of the Complaint may be remedied by amendment, the Court will dismiss the Complaint without prejudice and with leave to amend.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). Plaintiff will be afforded a period of 30 days to file an Amended Complaint, which will also be subject to screening in accordance with 28 U.S.C. § 1915(e)(2).  Should Plaintiff fail to file an Amended Complaint within the time provided by the Court, the Court will direct the Clerk of the Court to close this matter.

Therefore, for the foregoing reasons,

**IT IS** on this 18th day of May, 2009,

**ORDERED** that Plaintiff may proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court is to file the Complaint in the above-captioned action; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Plaintiff may, within 30 days of the date of this Order, file an Amended

5

Complaint, which the Court will review in accordance with 28 U.S.C. § 1915(e); and it is further

**ORDERED** that in the event Plaintiff fails to file an Amended Complaint within 30 days of the date of this Order, the Court will direct the Clerk to close this action; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular U.S. mail.

                                                    s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER, U.S.D.J.